# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY SHELBY, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) | 1:14-cv-0814-SEB-TAB |
| WENDY KNIGHT, | ) ) ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Timothy Shelby ("Mr. Shelby") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 14-02-0178. For the reasons explained in this Entry, Mr. Shelby's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On February 24, 2014, Officer Johnson wrote a Report of Conduct in case CIC 14-02-0178 charging Shelby with use of a controlled substance. The Report of Conduct states:

> The following Conduct Report has been issued to offender Shelby, Timothy 991236 for use of any unauthorized substance pursuant to the laws of the State of Indiana, as defined in the Adult Disciplinary Policy. On 02/06/14 Shelby, Timothy 991236 submitted his own urine for a full 8 panel drug screen which tested positive at the facility level using the I-Cup Drug Screen. Offender Shelby, Timothy 991236 refused to sign the Agreement of Guilt form, therefore, the Chain of Custody was followed and the sealed specimen was sent to Redwood Toxicology Laboratories for a full screening, with a confirming test performed (GC/MS) Gas Chromatography/Mass Spectroscopy. Lab reports received on 02/22/2014 at 1216 am clearly indicate the presence of THC in the urine of Shelby, Timothy 991236. Based upon the results from Redwood Toxicology Laboratory, I am confident that offender Shelby, Timothy, 991236 did violate code 202-B, of the Adult Disciplinary Policy.

On February 25, 2014, Mr. Shelby was notified of the charge of possession of a controlled substance and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Mr. Shelby was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in CIC 14-02-0178 on February 27, 2014, and found Mr. Shelby guilty of the charge of possession of a controlled substance. In making this determination, the hearing officer considered staff reports and the toxicology laboratory report. The hearing officer recommended and approved the following sanctions: a written reprimand, a 30 day loss of phone privileges, and a suspended 15 day deprivation of earned credit time.[1]

---

[1] In the return filed on August 11, 2014, the respondent stated that she would notify the Court if the suspended sanction was not enforced before August 27, 2014, because if it were not imposed, the case would be subject to dismissal for lack of a deprivation of custody. The respondent never notified the Court, so it must assume that the credit time deprivation sanction was enforced.

Mr. Shelby's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Shelby brings three claims for habeas relief: 1) Indiana Department of Correction ("IDOC") policy was violated when the procedures for obtaining and reporting drug test results were not followed; 2) there was insufficient evidence to support his conviction for possession of a controlled substance; and 3) he was denied access to photographic evidence he requested.

Mr. Shelby's first claim is based upon the rules and procedures of the Indiana Department of Correction. Relief is not available for that claim in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue*, 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations.").

With respect to his second claim that there was insufficient evidence to prove he possessed a controlled substance, the "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report and

toxicology report establish that Mr. Shelby had used THC, a controlled substance. These reports constituted sufficient evidence to support the finding of guilt. There was no error in this regard.

Mr. Shelby's final claim is that he was not given photographic evidence that he requested. First of all, he did not raise this claim in his administrative appeals, so it has been waived. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). Nonetheless, even if that claim had not been procedurally defaulted, it would be denied on the merits because Mr. Shelby did not request photographs at screening and he has not shown that any photographs would have been exculpatory.

Mr. Shelby was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Shelby's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Shelby's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/12/2015

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy Shelby
#991236
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel